Elmer TWEED; Bruce G. Richardson; Bobby Hodge; Mary M. Kilday; Mary L. Burns; Buddie R. Franklin; Wayne W. Blazer; Ronny C. Hartsell; Rodney D. Hensley; Johanna M. Eikeland; William K. Dewitt, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, Defendant–Appellant.

No. 02–5024.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON, Circuit Judges.*

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*ORDER*

This matter is before the court on the defendant's motion to reverse and remand. In response to the motion, the plaintiffs concede the facts as stated by the defendant.

The plaintiffs are former employees of the defendant, Philips Electronic North America Corporation, whose jobs ended when the manufacturing facility where they worked was sold. When Philips denied them severance pay, the plaintiffs brought this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. They charged that the denial of benefits under the severance pay benefit plan was arbitrary and capricious.

The district court entered summary judgment in favor of the plaintiffs based upon an earlier ruling in a similar case, *Easterly v. Philips Electronics North America Corporation*, 2:98–CV–169 (E.D.Tennessee). In *Easterly*, the district court ordered that severance benefits be paid to another group of Philips' employees also affected by the plant sale. In the instant case, the court held that the plaintiffs were in the same position as the *Easterly* plaintiffs and thus entered judgment for each of the plaintiffs. From that judgment, the defendant appealed. An appeal was also taken in *Easterly*.

While this appeal was pending, a decision was issued in *Easterly v. Philips Electronics North America Corporation*, 37 Fed. Appx. 166 (6th Cir.2002). Therein, this court held that Philips' interpretation of the severance pay plan was not arbitrary and capricious. The judgment for the *Easterly* plaintiffs was reversed. On the basis of this court's decision in *Easter-*

*ly*, the defendant now moves this court to vacate the judgment in the instant case and remand for further proceedings.

Upon consideration, the district court's judgment is **REVERSED**, and this matter is **REMANDED** for further proceedings.